SHIVERS, Judge.
This is an appeal from an order denying appellant’s claim for workmen’s compensation benefits on the grounds that claimant failed to establish a causal relationship within a reasonable degree of medical probability between two incidents on his job and his emphysema. We reverse and remand for further findings.
The claim was for all benefits to which appellant was entitled including medical benefits, temporary benefits, and permanent benefits.
Claimant was exposed to a strong solution of chlorine while working in an enclosed area. He developed a cough. After his cough worsened, he was examined by a doctor. His condition was diagnosed as emphysema. Claimant returned to work. Af *348 ter welding in a confined area, claimant developed a severe breathing problem which required hospitalization.
The medical testimony comes from the depositions of Dr. Kesden and Dr. Goodman. Dr. Goodman rated claimant as having 50 percent partial disability to the body as a whole because of his emphysema. In response to a question as to the aggravation of his preexisting problem caused by the chlorine and welding incidents, Dr. Goodman stated:
“I would say that 90 percent of this must be ascribed to his prior problems. Not less than 90 percent. And I do not believe that I can ascribe more than 10 percent to the precipitating and aggravating factors that we’ve described here.”
Dr. Kesden also considered the chlorine and welding incidents as having aggravated the preexisting disease, but was unable to assign any percentages to the aggravating factors: “The' degree to which this (exposure to chlorine) has exacerbated his underlying lung disease is very difficult to say. I’m sure it didn’t help it, but I can’t give you an exact idea of how much it would have aggravated it.”
The finding that “the medical evidence does not establish a causal relationship within a reasonable degree of medical probability between an incident on the job and the claimant’s emphysema” is contrary to the medical evidence. Although the evidence is clear that claimant’s emphysema preexisted the chlorine and welding incidents, the record is also clear that both Dr. Kesden and Dr. Goodman considered these incidents as aggravating factors.
The order is reversed and the cause is remanded for a determination as to whether claimant is entitled to permanent partial, temporary partial, temporary total, and medical benefits. Claimant’s entitlement to a reasonable attorney’s fee should be reconsidered in light of benefits obtained.
ERVIN, J., concurs.
SHAW, J., dissents with opinion.